IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NOOTER CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANZ UNDERWRITERS INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.: 4:10-cv-00744-TIA |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

Plaintiff Nooter Corporation ("Nooter") respectfully submits this Memorandum in support of its Motion to Remand this case to the Circuit Court for the Twenty-Second Circuit, City of St. Louis, Missouri, where it was filed. Defendants' attempt at removal on diversity jurisdiction grounds is improper for multiple, independent reasons.

First, Defendants have not established, and cannot establish, complete diversity, a prerequisite for 28 U.S.C. § 1332 subject matter jurisdiction.

Next, Defendants also have not met, and cannot meet, 28 U.S.C. § 1332's $75,000 per-Defendant threshold amount in controversy jurisdictional requirement. The amount in controversy with respect to multiple Defendants is less than $75,000.

Lastly, multiple Defendants contractually waived the right to join in any removal through "service of suit" clauses in the insurance policies they sold to Nooter. Based on these policy provisions, Certain Underwriters at Lloyd's, London and London Market Companies ("London

Market Insurers"), Evanston Insurance Company ("Evanston"), and Appalachian Insurance Company ("Appalachian") are not able to join in the removal, and thus the case must be remanded because all Defendants cannot join in the removal, as required by the rule of "unanimity."

For all of these reasons, this action should be remanded to the Missouri state court. Nooter also should receive its costs for bringing this Motion. Before bringing this Motion, Nooter alerted the Defendants to the lack of subject matter jurisdiction and the defects in the removal that require a remand to Missouri state court.[1] Nooter provided the Defendants with substantial case law demonstrating the propriety of a remand. Based on each of the three independent grounds for remand, Nooter asked the Defendants to withdraw the notice of removal voluntarily. On behalf of the Defendants,[2] London Market Insurers refused to withdraw the removal, because counsel said "the Eighth Circuit hasn't addressed the diversity requirements with respect to Lloyds, so we feel like there's at least a basis for dispute there." The one issue that counsel suggests is not settled is an argument that the London Market Insurers repeatedly have raised in federal courts across the country to argue *against* diversity jurisdiction.

London Market Insurers successfully have argued in district and circuit federal courts that the federal courts do not have subject matter jurisdiction over insurance coverage cases involving them. Defendants have refused to withdraw the removal in this case because the argument that

---

[1] Letter from J. Gibbons to Defendants' Counsel, dated May 5, 2010, attached hereto as Exhibit 1.

[2] All of the Defendants have entered general appearances in the case, and thus there are no issues regarding service of process. *See* PACER Docs. 2-4, 7-9, 15, 16, 21, 22, 24. *See also Doney v. CMI Corp.*, No. 99-1124-CV-W-6-ECF, 2000 WL 554125, at *2 (W.D. Mo. May 4, 2000); copies of all unpublished cases cited herein are attached as Exhibit 2. Moreover, all Defendants named in the complaint must be considered for diversity jurisdiction, irrespective of service. *Pecherski v. Gen'l. Motors Corp.*, 636 F.2d 1156, 1160-1161 (8th Cir. 1981) ("[A] court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service.").

London Market Insurers successfully have raised across the country has not yet been addressed by the Eighth Circuit. This is not a *bona fide* basis for a dispute. Even worse, Defendants have only challenged one of the three independent grounds for remand. Even if there could be a dispute about the one that Defendants raise, the case would still be subject to remand on the other independent grounds.

As set forth below, Nooter requests that the Court remand this case to the Missouri state court. Nooter further requests its attorneys' fees, costs and expenses, under 28 U.S.C. §1447(c), which have been necessitated solely by Defendants' refusal to withdraw the improper removal.

## I. THE COURT LACKS SUBJECT MATTER JURISDICTION

Defendants base removal in this case on diversity jurisdiction, but fail to demonstrate the existence of complete diversity.[3] Defendants bear the burden to prove not only that this case involves a controversy between citizens of different states, but also that the amount in controversy exceeds $75,000 for each and every Defendant.[4] If there are any doubts about the existence of federal jurisdiction, as there are here, the Court must remand to state court.[5]

Defendants have not even attempted to establish complete diversity of the London Market Insurers. London Market Insurers consist of (1) Certain Underwriters at Lloyd's, London, which are unincorporated associations that separately do business under the "Lloyd's, London" banner, similar to the way a stock exchange operates, and also (2) certain London

---

[3] PACER Doc. 1 Notice of Removal at 2-3.

[4] *See* 28 U.S.C. § 1332; *see also Altimore v. Mt. Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005) ("[Removing party] bears the burden of establishing jurisdiction by a preponderance of the evidence."); *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990) (same); *Affordable Cmtys. of Mo. v. EF&A Capital Corp.*, No. 4:08-CV-1509 CAS, 2008 U.S. Dist. LEXIS 99716, at *3 (E.D. Mo. Nov. 19, 2008) ("The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied….There must be allegations of each party's place of citizenship."); *see also infra* note 8.

[5] *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Affordable Cmtys. of Mo.*, 2008 U.S. Dist. LEXIS 99716, at *3.

Market Insurance Companies, corporations organized under the laws of the United Kingdom or foreign jurisdictions. London Market Insurers repeatedly have taken the position in other cases that:

> [Lloyds of London] is the regulator of and service provider to an insurance market where various individuals…underwrite insurance risks. The underwriting members of Lloyd's are known as "Names." Names do not operate independently. Instead, they group together for administrative convenience in "Syndicates." Syndicates subscribe to insurance policies or "risks." Each Name is severally liable on the policies to which the Syndicates subscribe, only for his/her proportion of each risk the Syndicate writes. Each Lloyd's Syndicate is an unincorporated association of Names.[6]

For diversity jurisdiction, unincorporated insurance associations, like the Lloyd's Syndicates, maintain citizenship of every state in which their members, in this case the individual Names, are citizens.[7]

The London Market Insurers successfully have argued in numerous district and circuit courts around the country that complete diversity requires a specific factual showing of diversity of citizenship and $75,000 at issue for each of the Lloyd's Names.[8] At London Market Insurers'

---

[6] Defendants Certain Underwriters at Lloyd's, London's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction, filed July 10, 2008, at *4, *Walle Bldg. Condo. Ass'n v. Certain Underwriters at Lloyd's, London*, No. 07-4204 (E.D. La.) (internal citations omitted), *available at* 2008 U.S. Dist. Ct. Motions LEXIS 34936, attached hereto as Exhibit 3; *see also Certain Underwriters at Lloyd's London v. Washington*, No. 09-3195, 2009 U.S. Dist. LEXIS 123194, at *4-5 (E.D. La. Dec. 28, 2009) (citing *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003)).

[7] *See Truck Ins. Exch. v. Dow Chem. Co.*, 331 F. Supp. 323, 325 (W.D. Mo. 1971); *see also infra* note 8.

[8] *See e.g. Washington*, 2009 U.S. Dist. LEXIS 123194, at *10 ("[T]he citizenship of the Names, as the real parties to the controversy, must be considered for purposes of diversity of citizenship jurisdiction."); *Walle Bldg. Condo. Ass'n v. Certain Underwriters at Lloyd's, London*, No. 07-4204, 2008 U.S. Dist. LEXIS 84848, at *5 (E.D. La. Sept. 18, 2008) ("In order to meet the diversity requirement, each Name who the lead underwriter represents must be diverse."); *Zidell Marine Corp. v. Benefit Fire & Cas. Ins. Co.*, No. 03-CV-05131-ORD, 2003 U.S. Dist. LEXIS 26253, at *9 (W.D. Wash. Dec. 4, 2003) ("[T]he citizenship of 'Certain Underwriters at Lloyd's, London' is the citizenship of the Names behind the policies and that for purposes of diversity

urging, and based on their assertions and arguments, the majority of federal courts that have addressed this issue have held that "the citizenship of the Names, as the real parties to the controversy, must be considered for purposes of diversity of citizenship jurisdiction."[9]

London Market Insurers already have made the very same factual assertions about the significance of the Names in prior coverage litigation with Nooter:

> Certain Underwriters at Lloyd's, London are natural persons who are or have been members of underwriting syndicates which conduct or have conducted business at Lloyd's, London,…[and Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies] severally subscribed, each for his, her or its own proportionate share and not for any other, to certain alleged policies of insurance issued to Nooter.[10]

---

jurisdiction plaintiffs citizenship must be diverse from that of each of these Names."); *Certain Underwriters at Lloyd's London v. Raytheon Co.*, No. C 01-03317 WHA, 2001 U.S. Dist. LEXIS 23876, at *9 (N.D. Cal. Dec. 3, 2001) (holding defendant failed to prove that there was "complete diversity between [defendant] and every Name."); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co*., 160 F.3d 925, 939 (2d Cir. 1998) (holding "[E]ach and every Name whom the lead underwriter represents must be completely diverse."); *Ind. Gas Co. v. Home Ins. Co*., 141 F.3d 314, 319 (7th Cir. 1998) (holding that each Name must be diverse); *Transamerica Corp. v. Reliance Ins. Co. of Ill*., 884 F. Supp. 133, 139 (D. Del. 1995); *Lowsley-Williams v. N. River Ins. Co*., 884 F. Supp. 166, 173 (D.N.J. 1995) (holding "[C]itizenship is determined for a Lloyd's syndicate by the sum of the citizenship of all participating Names."); *Bath Iron Works Corp. v. Certain Member Cos. of Inst. of London Underwriters*, 870 F. Supp. 3, 7 (D. Me.1994) (holding "[T]he citizenship of each defendant (*i.e*., each Name) should be considered for diversity purposes."); *Queen Victoria Corp. v. Ins. Specialists of Haw., Inc*., 711 F. Supp. 553, 554 (D. Haw. 1989) (holding Lloyd's "citizenship is determined by the citizenship of all of its members.").

[9] *Washington*, 2009 U.S. Dist. LEXIS 123194, at *4-5 (citing *Corfield*, 355 F.3d at 857); *see also supra* note 8.

[10] Answer of Defendants Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies, dated June 18, 2004, at 2, *Nooter Corp. v. Continental Cas. Co.*, No. 044-00841 (22nd Cir. Ct. Mo.), attached hereto as Exhibit 4; *see also* London Market Insurers' Responses and Objections to Nooter Corporation's First Set of Interrogatories, dated January 31, 2005, at 7-8, *Nooter Corp. v. Continental Cas. Co.*, No. 044-00841 (22nd Cir. Ct. Mo.), attached hereto as Exhibit 5. Nooter previously brought a declaratory judgment action against certain primary level insurance companies, and against certain of London Market Insurers' excess policies, including the 1949 through 1965 insurance policies involved in this case. Nooter voluntarily dismissed, without prejudice, the declaratory judgment case against London Market Insurers after Nooter reached settlement agreements with the primary insurance companies. The

The respective several shares of risk for each Name varies under the London policies. Upon review of the London policies, several of the Syndicates do not meet the $75,000 amount in controversy requirement, therefore no single Name who is a member of those Syndicates would meet the $75,000 amount in controversy requirement.[11]

Notwithstanding London Market Insurers' successful position in other cases on lack of diversity of citizenship for the Names, and the numerous cases requiring an analysis of the individual Names for diversity and amount in controversy purposes, the Notice of Removal fails to mention the Names that compose the Lloyd's Syndicates, let alone make any showing for diversity jurisdiction. The perfunctory one sentence mention of the Lloyd's Syndicates "on information and belief" is facially deficient.[12] On this basis alone, the case should be remanded.

Defendants also fail to establish that the required amount in controversy exceeds $75,000 for each London Market Insurance Company.[13] The London Market Companies, like the Names,

---

earlier case was filed and litigated in Missouri state court, and no party sought removal. Nooter has brought this action against mostly umbrella level excess companies, including London Market Insurers.

[11] *See* Lloyd's Syndicates Participation Chart, attached hereto as Exhibit 6. In the earlier case, London Market Insurers filed an Amended Entry of Appearance that listed the Lloyd's Syndicates for the 1949 to 1965 policies at issue in this case. *See* London's Amended Entry of Appearance, filed June 18, 2004, *Nooter Corp. v. Continental Cas. Co.*, No. 044-00841 (22nd Cir. Ct. Mo.) ("2004 Amended Appearance"), attached hereto as Exhibit 7. The majority of the Syndicates listed in the 2004 Amended Appearance have been identified by Plaintiff as having less than $75,000 at issue in the current case.

[12] *Affordable Cmtys. of Mo.*, 2008 U.S. Dist. LEXIS 99716, at *3, 8 ("There must be allegations of each party's place of citizenship, including allegations of any corporate party's state of incorporation and principal place of business") (holding that assertions on information and belief and unspecific allegations about residency are "insufficient to establish diversity of citizenship."); *see also Logan v. Value City Dep't Stores, LLC*, No. 4:08-CV-19 CAS, 2008 WL 1914168, at *1, 5 (E.D. Mo. Apr. 28, 2008) (Defendant's "information and belief" assertions that amount in controversy exceeded $75,000 jurisdictional threshold failed to "meet its burden to show by preponderance of the evidence that the amount in controversy exceeds $75,000.").

[13] *See* 28 U.S.C. § 1332(a); *see also Certain Underwriters at Lloyd's of London Syndicates v. Travelers Indem. Co.*, No. C06-5238 RBL, 2006 U.S. Dist. LEXIS 49310, at *6 (W.D. Wash.

"severally subscribed, each for his, her or its own proportionate share and not for any other, to certain alleged policies of insurance issued to Nooter."[14] The amount in controversy, thus, must be calculated with respect to each London Market Company individually as Defendants in this case. Nooter's claims against multiple Companies cannot be aggregated to meet the $75,000 minimum amount in controversy for jurisdictional purposes.[15]

The respective several shares of risk for each London Market Company varies under the London policies. Based on their percentage participation in all of the policies, several of the London Market Companies, including American Home Assurance Company, Anglo French Insurance Company Limited, Anglo Saxon Insurance Company Limited, Bishopsgate Insurance Company Limited, British Commercial Insurance Company Limited, Lombard Insurance Company, and Minster Insurance Company Limited, have less than $75,000 in controversy.[16]

---

July 7, 2006) ("Each amount in controversy must be established individually with respect to each Name subscribing to the policies in the dispute."); *K. Bell & Assocs., Inc. v. Lloyd's Underwriters*, No. 92 Civ. 5249(AJP)(KTD), 1998 U.S. Dist. LEXIS 7798, at *16 (S.D.N.Y. May 26, 1998) ("A corollary of the Court's holding that the citizenship of each Lloyd's Name must be considered for diversity purposes is that the amount of the claim against each individual Name, and *not* against 'Lloyd's' (*i.e.*, all Names) in the aggregate, must be considered for amount in controversy purposes.") (emphasis in original).

14 Exhibit 4 at 2.

15 *Riccardi v. U.S. Fid. & Guar. Co.*, 215 F. Supp. 687, 690 (W.D. Mo. 1963) ("When a single plaintiff has separate claims against several defendants each claim must represent an amount sufficient to give the federal court jurisdiction."); *Great Am. Leasing Corp. v. Rohr-Tippe Motors, Inc.*, 387 F. Supp. 2d 992, 994, 998-99 (N.D. Iowa 2005) ("The general rule is that a court may not aggregate a plaintiff's claims against multiple defendants to reach the amount in controversy, unless the defendants are jointly liable.").

16 *See* Solvent London Market Companies Participation Chart, attached hereto as Exhibit 8. In the earlier case, London Market Insurers filed an Amended Entry of Appearance that listed the London Market Companies for the 1949 to 1965 policies at issue in this case. *See* Exhibit 7. Three of the London Market Companies that Plaintiff has identified as having less than $75,000 at issue in the current case, Anglo French Insurance Company Limited, Bishopsgate Insurance Company Limited, and Minster Insurance Company Limited, are listed in the 2004 Amended Appearance.

Diversity jurisdiction thus does not exist. Again, this basis, even if considered alone, necessitates a remand.

## II. REMOVAL IS NOT PROPER BECAUSE DEFENDANTS WAIVED THEIR RIGHTS TO REMOVAL

Defendants' attempted removal of this case also is improper for the independent reason that Defendants waived the right to removal by consenting to litigate in the court that Nooter chooses. The policies sold to Nooter by Appalachian, Evanston, and London Market Insurers contain "service of suit" clauses that state the following:

> in the event of the failure of the Company hereon to pay any amount claimed to be due hereunder, the Company hereon, at the request of the Named Insured will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such court.[17]

Where a policyholder files in state court, the presence of this "service of suit" clause in an insurance company's policy waives that insurance company's right to seek removal.[18]

---

[17] Evanston policy number UM100176, excerpts attached hereto as Exhibit 9. All of the Evanston Policies, the Appalachian Policy, and at least four of the London Policies at issue in this case contain the identical or substantially similar "service of suit" language. Plaintiff has incomplete copies of the remaining London policies and will be seeking more complete copies in discovery. *See* Evanston policies numbers UM100296, CN 503824, and CN 504032; Appalachian policy number 71174; and London policies numbers 507034, 507035, MC6692, and MC7890, excerpts attached hereto as Exhibit 9.

[18] *See Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, No. 96-4173-CV-C-2, 1996 U.S. Dist. LEXIS 22710, at *8-9 (W.D. Mo. June 10, 1996) (holding that where the service of suit clause stated "the Reinsurer will, at the request of the Reinsured, submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction," "the legal effect of the clause…is to waive defendants['] right to remove") (appeal denied *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 622 (8th Cir. 1997)); *see also Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1216 (3d Cir. 1991) ("[The] legal effect of the clause was to waive Chesapeake's right to remove"); *Triad Mech., Inc. v. Coatings Unlimited, Inc.*, No. 07-516-HU, 2007 WL 2713842, at *2-3 (D. Or. Sept. 12, 2007) (service of suit clause waives right to remove and requires remand); *909 Geary St., LLC v. Admiral Ins. Co*, No. C 01-4374 JL, 2002 WL 253946, at *2 (N.D. Cal. Feb. 8, 2002) (service of suit clause "waived any right to seek removal . . .

Nooter filed its complaint in Missouri state court, and Appalachian, Evanston, and London Market Insurers contractually agreed to submit to the jurisdiction of that state court and "comply with all requirements necessary to give such court jurisdiction." These Defendants are unable to join in the removal of this case because they have contractually waived that right. The Eleventh Circuit has recognized that "every federal court (excluding those addressing removal under the Foreign Sovereign Immunities Act) interpreting this clause has determined that language essentially identical to that contained in the [insurance] policy constitutes a waiver of the right to remove."[19]

The rule of "unanimity," moreover, requires that in cases with multiple defendants, all defendants must be able to, and must, join in the removal.[20] The unanimity requirement cannot be met here, because these Defendants have waived the right to seek removal.[21] Again, this basis, even if considered alone, necessitates a remand.

---

making Defendant's removal wrong as a matter of law"); *Archdiocese of Milwaukee v. Underwriters at Lloyd's, London*, 955 F. Supp. 1066, 1071-73 (E.D. Wisc. 1997) (service of suit clause waived the "right to remove any subsequent dispute under the contract to federal court"); *Monticelli v. Homestead Ins. Co.*, No. C-96-4312-VRW, 1997 WL 88379, at *1 (N.D. Cal. Feb. 14, 1997) ("A service of suit provision generally acts as [a] waiver of the insurer's right of removal.").

[19] *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1047 (11th Cir. 2001). The Eleventh Circuit also held that the rule of unanimity could not be satisfied when only one insurer's policy contained the "service of suit" clause, and that even though the clause was found in only 1 of 79 insurance policies remand was required by the one "service of suit" clause. *Id.* at 1050. By contrast, Appalachian, Evanston, and London Market Insurers are responsible for 27 of the 40 policies at issue in this case.

[20] *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 755 n.2 (8th Cir. 2001) ("Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded."); *see also Byrd v. Auto-Owners Ins. Co.*, No. 4:08CV1368SNLJ, 2008 U.S. Dist. LEXIS 95699, at *4-6 (E.D. Mo. Nov. 24, 2008) (same).

[21] *See Russell Corp.*, 264 F.3d at 1046-49 (holding that remand was required because the service of suit clause waived the right to remove and the rule of unanimity could not be met); *see also Medtronic, Inc. v. Endologix, Inc.*, 530 F. Supp. 2d 1054, 1057 (D. Minn. 2008) ("[E]ven if the forum-selection clauses are not binding on Endologix – and, hence, do not prevent it from

## III. THIS COURT SHOULD AWARD ATTORNEYS' FEES, COSTS AND EXPENSES INCURRED BY NOOTER AS A RESULT OF THE IMPROPER REMOVAL

In addition to remanding this case, this Court should also award Nooter's attorneys' fees, costs and expenses to reimburse it for the expense of opposing Defendants' improper attempted removal. Nooter approached the Defendants before filing this Motion in an effort to avoid the unnecessary delay and expense of motion practice. Nooter outlined the lack of subject matter jurisdiction, and the defects in the removal based on waiver of the right to removal. Moreover, the lack of subject matter jurisdiction is based on two independent grounds: (1) that complete diversity and the $75,000 minimum amount in controversy did not exist based on the presence of the Names; and (2) that the $75,000 minimum amount in controversy did not exist for several of the London Market Companies.

The London Market Insurers have been the main proponent of the argument that the Names must be considered individually for diversity jurisdiction in numerous federal courts, but in this case Defendants refused to recognize the principle established, at London Market Insurers' urging, by the majority of courts.[22] Indeed, London Market Insurers have argued in other circuits for adoption of the principle that would require remand because "[t]he majority of courts that have addressed this issue have held that each Name must be diverse."[23]

---

removing – those clauses nevertheless vitiate Rotondo's and Keeler's ability to consent to Endologix's removal. And, in the absence of effective consent by Rotondo and Keeler, the unanimity rule is violated and the case must be remanded.")

[22] *See supra* note 8.

[23] Exhibit 3, at *7; *see also* Declaration of Sally Dunning, filed July 10, 2008, at 1-2, *Walle Bldg. Condo. Ass'n v. Certain Underwriters at Lloyd's, London*, No. 07-4204 (E.D. La.) ("Each Name is severally liable on the policies to which the Syndicates subscribe, only for his/her proportion of each risk the Syndicate writes….Each Lloyd's Syndicate is an unincorporated association of Names."), attached hereto as Exhibit 10.

Notwithstanding the multiple, independent grounds for remand, Defendants forced Nooter to file this Motion.

This is precisely the type of situation that Congress sought to address when it provided for recovery of "expenses, including attorney fees, incurred as a result of the removal" with 28 U.S.C. § 1447(c):

> to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.[24]

Defendants' removal and refusal to withdraw were not well-founded and cannot meet the objectively reasonable standard for removal given the multiple grounds for remand.[25] Nooter should not be required to bear the costly consequences of Defendants' decision to push forward with removal, but instead should be awarded the expenses that Congress has decided should be available to redress the costs of a removal that is ultimately remanded.

## CONCLUSION

Defendants have failed to meet their burden of establishing that this Court has subject matter jurisdiction over this action or that Defendants had a right to remove this dispute. Accordingly, this Court should grant Nooter's Motion to Remand, with costs.

Dated: May 14, 2010

Respectfully submitted,

By: /s Richard A. Wunderlich
Richard A. Wunderlich, Esq., #4756
LEWIS, RICE & FINGERSH, L.C.

---

[24] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005); *see also Randall v. Evamor, Inc.*, No. 4:09CV01756ERW, 2010 U.S. Dist. LEXIS 41948, at *14 (E.D. Mo. Apr. 29, 2010).

[25] *See Martin*, 546 U.S. at 141.

600 Washington
Suite 2500
St. Louis, Missouri 63101
(314) 444-1308
bshort@lewisrice.com
rwunderlich@lewisrice.com

and

Of Counsel
David L. Elkind, Esq. (Motion for *pro hac vice* to be filed)
John A. Gibbons, Esq. (Motion for *pro hac vice* to be filed)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, D.C. 20006-5403
(202) 420-2200

Attorneys for Plaintiff Nooter Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2010 a copy of the Memorandum in Support of Motion to Remand was filed electronically with the Court and served electronically through the Court's filing system on counsel of record.

By: /s/ Richard A. Wunderlich

Richard A. Wunderlich, Esq.
Bar No. 4756
LEWIS, RICE & FINGERSH, L.C.
600 Washington
Suite 2500
St. Louis, Missouri 63101
(314) 444-1308
rwunderlich@lewisrice.com